IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLES EDWARD STEWART                                                              PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 5:12-cv-59-DCB-JMR

R. BYRD, Warden and
Y. BYRD, Disciplinary Officer                                                     DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently confined in Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 on April 30, 2012. The named Defendants are R. Byrd, Warden, and Y. Byrd, Disciplinary Officer. As relief, plaintiff is requesting that the Rules Violation Reports (RVR) #1066956 and #1066983 be expunged from his prison record, his "trusty status" be restored and his earned "trusty time" also be restored.

Background

Plaintiff states that he was accused of participating in a gang related stabbing of another offender on December 3, 2011. Compl. [1] at p. 4. Even though plaintiff argues that he was locked in his cell at the time of the incident, he was issued two RVRs, # 1066956 and # 1066983, on December 16, 2011. *Id.* After a disciplinary hearing was conducted on December 28, 2011, he was found guilty of both RVRs and received as punishment the loss of all privileges for 30 days, the loss of 30 days of earned time, and he was required to pay medical bills. Resp. [12] at p. 1. Plaintiff complains that he was found guilty based on a videotape, but he has not reviewed the videotape and claims that it does not exist. Compl. [1] at p. 4. Moreover, plaintiff asserts that the disciplinary hearing was not held within the required seven

working days which clearly violates the policies and procedures of the Mississippi Department of Corrections (MDOC). *Id*.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner civil actions that are proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

This Court finds that the requested relief for the restoration of good time credits cannot be granted by this Court in this § 1983 civil action. A § 1983 civil action is not the proper vehicle to pursue a request seeking restoration of good time credits. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) *cert. denied*, 525 U.S. 1151 (1999). Plaintiff must pursue his request for the restoration of good time credit through a petition for habeas corpus relief which requires him to exhaust his available state remedies. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(finding by the United States Supreme Court that habeas corpus was the exclusive remedy for a claim of restoration of good time credits because "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits" and would imply a speedier release from prison).

In order for this Court to construe this civil action as a petition for habeas relief, the plaintiff is required to have exhausted his available state remedies. *See Preiser v. Rodriguez*,

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

411 U.S. 475, 477 (1973). A review of the complaint [1] and responses [12 & 17] fail to establish that the petitioner has met the exhaustion requirement to pursue a habeas petition. Consequently, this complaint will not be liberally construed as a petition for habeas corpus relief.[2]

Moreover, a collateral attack on prison disciplinary proceedings that "necessarily imply the invalidity" of that proceeding may not be pursued in a § 1983 civil action until plaintiff establishes that the disciplinary proceeding has been invalidated, reversed, expunged, or otherwise impugned. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good time credits. *See Edwards*, 520 U.S. at 646-48 (deciding that a § 1983 civil rights action which claims necessarily imply the invalidity of a disciplinary action is not cognizable unless the disciplinary action has been reversed, expunged or otherwise invalidated).

In his response [12], plaintiff states that the RVRs which are the subject of the instant civil action have "not been invalidated, overturned or removed." Thus, plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has not yet accrued. *See Heck*, 512 U.S. at 489-90. Consequently, he cannot maintain this § 1983 action.

## Conclusion

---

[2]After petitioner exhausts his administrative remedies as set forth in Mississippi Code Annotated §§ 47-5-801 through 47-5-807, *see Putnam v. Epps*, 63 So.3d 547 (Miss. 2011), and in the event he wishes to pursue a petition for habeas relief in this court, he may contact the Clerk's Office, P.O. Box 23552, Jackson, Mississippi 39225-3552, and request forms to file a petition for habeas relief.

3

As discussed above, plaintiff's request for restoration of good time credits is habeas in nature and cannot be maintained as a § 1983 action. Additionally, the remaining claims presented in the instant civil action concerning the procedural validity of his disciplinary hearings have not yet accrued and therefore, plaintiff has failed to state a claim upon which the requested relief may be granted. Therefore, plaintiff's instant cause of action will be dismissed with prejudice as to the § 1983 claims[3] and without prejudice as to his habeas claims.

### Three-strikes provision

Since this case filed pursuant to 42 U.S.C. § 1983 is dismissed in part for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of the Prison Litigation Reform Act, it will be counted as a "strike." *See Comeaux v.Cockrell*, No. 02-20444, 2003 WL 21659432, at *2 (5th Cir. July 15, 2003)(unpublished). If plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion and order will be entered.

This the  11th   day of September, 2012.

                                   s/David Bramlette
                                   UNITED STATES DISTRICT JUDGE

---

[3] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).