IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLES EDWARD STEWART                                        PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:12-cv-59-DCB-JMR

R. BYRD, et al.                                              DEFENDANTS

<u>ORDER</u>

This matter is before the Court on Plaintiff's letter motion [20] filed October 30, 2012, requesting that this case be reopened, that Plaintiff be allowed to amend his complaint, that he be provided copies of certain cases and that this Court provide him legal advice.  Even though a "motion to reopen" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b).  *See McGrew v. McQueen*, 415 Fed. App'x 592, 594-95 (5th Cir. 2011).  Having reviewed the letter motion [20] as well as the record, this Court will construe this letter motion [20] as filed pursuant to Rule 60(b) because it was filed more than 28 days from the entry of the judgment and, as discussed below, the letter motion [20] is denied.

A party seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure must show:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud,  .  .  .  misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied .  .  .;  or (6) any other reason justifying relief from the operation of the judgment.  For the following reasons, this Court finds that Plaintiff has failed to demonstrate that relief is appropriate under any of the grounds set out in Rule 60(b).

A Final Judgment [19] was entered on September 14, 2012, dismissing the instant civil action with prejudice.  The Memorandum Opinion and Order [18] upon which the Final Judgment [19] was based found that Plaintiff's civil action requesting the restoration of good time credits was habeas in nature and could not be maintained as a § 1983 civil action and that the remaining claims have not yet accrued because the RVRs in question have not been invalidated, overturned or removed.

Plaintiff has failed to offer any evidence or arguments that establish that this Court failed to make the correct legal finding in the Memorandum Opinion and Order [18] and Final Judgment [19] entered on September 14, 2012.  Furthermore, Plaintiff has failed to meet the requisite legal standard for the Court to grant a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Furthermore, Plaintiff's attempt to amend his complaint so that he can proceed with this civil action in the instant letter motion [20] is not well taken.  Based on the foregoing, the instant civil action remains closed.  As such, this Court is without jurisdictional bases to consider his request to amend his complaint.  *See Clay v. Johnson*, Appeal No. 10-60031 (5th Cir. Oct. 6, 2010)(citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (holding that a motion filed in a closed case is to be considered "a meaningless, unauthorized motion")).  Therefore, there are no jurisdictional bases for Plaintiff requesting a motion to amend and as such, it is denied.  *See Id.*

Likewise, Plaintiff's requests for copies of case law and information concerning "the proper way to proceed with this case" are not well taken.  Plaintiff is not entitled to free copies of case law.  *See U.S. v. Watson*, 61 Fed. App'x 919 (5th Cir. 2003)(holding that a petitioner is "not entitled to free copies of his trial records solely because he is indigent or because he desires to

prepare a petition seeking collateral relief)(citations omitted).  Finally, this Court is not in the position to given Plaintiff legal advice.  Accordingly, it is,

ORDERED AND ADJUDGED that Plaintiff's letter motion [20] will be construed as a Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED AND ADJUDGED that the letter motion [20] is **denied**.

This the __5th____ day of November, 2012.


 s/David Bramlette_____
UNITED STATES DISTRICT JUDGE